UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGAT G. GEBREZIABHER,<br><br>               Plaintiff,<br><br>     v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>               Defendant. | Case No. SACV 16-02003-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On November 3, 2016, Regat G. Gebreziabher ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on February 21, 2017. On May 15, 2017, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 32 year-old female who applied for SSI benefits on September 6, 2012, alleging disability beginning June 30, 2012. (AR 16.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since June 30, 2012, the alleged onset date. (AR 19.)

Plaintiff's claim was denied initially on January 10, 2013, and on reconsideration on August 7, 2013. (AR 16.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Ruperta M. Alexis on October 1, 2014, in Seattle, Washington.[1] (AR 16.) Plaintiff appeared and testified at the hearing.[2] (AR 16.) Vocational expert ("VE") Anne Jones also appeared and testified at the hearing.[3] (AR 16.)

The ALJ issued an unfavorable decision on December 22, 2014. (AR 16-26.) The Appeals Council denied review on September 1, 2016. (AR 1-4.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as ground for reversal and remand:

1. Whether the ALJ properly considered Plaintiff's subjective symptom testimony.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

---

[1] A hearing was scheduled for April 22, 2014. Claimant appeared and requested that the hearing be postponed so she could find a representative. This request was granted. (AR 16.)

[2] At that hearing, the ALJ explained the right to representation to Claimant. Although informed of the right to representation, Claimant chose to appear and testify without the assistance of an attorney or other representative and signed a waiver of representation at the hearing. (AR 16.)

[3] The record was held open after the hearing so the Claimant could submit additional records. These records were received as Exhibits 13F and 14F. (AR 16.)

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment

meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since June 30, 2012, the alleged onset date. (AR 19.) At step two, the ALJ determined that, from June 30, 2012, through December 30, 2013, Plaintiff had the following medically determinable severe impairments: lumbar compression fracture and small bowel obstruction, status-post multiple surgeries. (AR 19.) The ALJ

4

determined that Plaintiff had the RFC for only sedentary work from June 30, 2012, to December 30, 2013 (AR 20), and was disabled for that time period. (AR 22.)

The ALJ, however, determined that medical improvement occurred on December 31, 2013, and that Claimant's disability ended on that date. (AR 23.) The ALJ also determined that plaintiff has not developed any new impairment or impairments since December 31, 2013, the date Plaintiff's disability ended. (AR 22.) Thus, Plaintiff's current severe impairments are the same as that present from June 30, 2012, through December 30, 2013. (AR 22.)

At step three, the ALJ determined that from June 30, 2012, through December 30, 2013, Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 20.) The ALJ also determined that, beginning December 31, 2013, Plaintiff has not had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 22-23.)

The ALJ found that, beginning December 31, 2013, Claimant has had the RFC to perform light work as defined in 20 C.F.R. § 426.967(b). (AR 23-24.) In determining the above RFC, the ALJ made an adverse credibility determination. (AR 23.)

At step four, the ALJ found that Plaintiff has no past relevant work. (AR 24.)

At step five, the ALJ found that, since December 31, 2013, considering the Claimant's age, education, work experience, and RFC, there have been jobs that exist in significant numbers in the national economy that the Claimant can perform, including the jobs of cashier II, fast food worker, and office helper. (AR 25.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act. (AR 19.) The ALJ also found that Claimant's disability ended December 31, 2013. (AR 25.)

**DISCUSSION**

Plaintiff suffered a vertebrae fracture and perforated bowel due to a motor vehicle accident that occurred on June 30, 2012. (AR 19.) Plaintiff underwent lengthy hospitalization

and multiple abdominal surgeries and needed ongoing use of a back brace and narcotic pain medication. (AR 21.)

The ALJ found that Plaintiff was disabled from June 30, 2012, to December 30, 2013, at which time medical improvement occurred. (AR 22, 23.) The ALJ found that Plaintiff could perform light work on and after December 31, 2013 (AR 23), and was not disabled. (AR 25.)

Plaintiff contends that medical improvement did not occur or was only temporary. Plaintiff contends the ALJ improperly discounted her subjective symptom pain testimony. The Court disagrees. The ALJ properly discounted Plaintiff's subjective symptom testimony. The ALJ decision must be affirmed.

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the

ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.    Analysis**

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause the alleged symptoms. (AR 23.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were "not entirely credible." (AR 23.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d at 1035, 1039-40 (9th Cir. 2008). The ALJ did so.

First, the ALJ found that Plaintiff's subjective allegations were inconsistent with the objective medical evidence. (AR 23.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). The ALJ relied on the December 26, 2013 report of Dr. Jeremy Johnson to find that medical improvement had occurred. (AR 23.) Dr. Johnson's RFC assessed moderate severity limitations in sitting, standing, walking, lifting, carrying, and pushing. (AR 530.) Dr. Johnson found that Plaintiff could perform light work. (AR 23, 24, 529-531.) The ALJ also relied on the August 2013 opinion of State agency reviewing physician Dr. Jeffrey Merrill that Plaintiff could perform light work. (AR 24.) Further supporting the ALJ's medical improvement finding is a May 2014 record indicating that Claimant experienced improvement in pain in the "neck, mid- and low back pain" after acupuncture and trigger point injections. (AR 23, 24, 555.) Dr. Gregory Rudolph reported, "symptoms were notably better for more than 1 week." (AR 24, 555.) There had been no new pain or exacerbation. (AR 24, 555.) The ALJ found that Plaintiff was out of the back brace and exercising in April 2013. (AR. 23, 443-444.) The ALJ also found that Plaintiff's bowel symptoms had improved (AR 23), which Plaintiff does not contest.

These findings suffice to meet the Commissioner's burden of producing sufficient evidence to rebut the presumption of continuing disability. Bellamy v. Sec'y of Health & Human Serv., 755 F.2d 1380, 1381 (9th Cir. 1985). It also meets the requirement of 20 C.F.R. § 416.994(b)(1)(i), 2(i) that a decrease in medical severity must be based on changes in symptoms, signs and/or laboratory findings.

Plaintiff's arguments to the contrary lack merit. Plaintiff argues that the severity of her back pain did not change for the better, but her subjective pain is not medical evidence and is not responsive to the objective medical evidence or to the evidence of medical improvement. Plaintiff contends that the ALJ should not rely on the fact that Plaintiff began exercising in April 2013 (AR 23, 443) because the ALJ found her disabled through December 31, 2013. The Court sees no reason why Plaintiff's ability to exercise could not be considered in concluding that medical improvement occurred as of December 31, 2013. The ALJ specifically reached this conclusion based on Dr. Johnson's 12/26/2013 assessment "in conjunction with her treatment records." (AR 23.) The evidence of medical improvement, moreover, is substantial. Dr. Johnson found Plaintiff could perform light work and there were no objective findings to rebut his assessment. (AR 24.) In a May 28, 2014 note, Dr. Gregory Rudolf of the Swedish Medical Center reported that Plaintiff "felt some improvement in neck, mid-and low back pain after our initial acupuncture and trigger point treatment symptoms were notably better for more than 1 week." (AR 24, 555.) There had been no new pain or exacerbation. (AR 24, 555.)

The ALJ also found that there are no objective findings that Claimant's condition worsened after Dr. Johnson's December 2013 exam. (AR 23, 24.) In May 2014, Dr. Rudolf reported no new pain or exacerbations. (AR 24, 555.) Plaintiff attempts to rely on Dr. Johnson's 4/13/2014 evaluation finding Plaintiff limited to sedentary work. (AR 24, 532-534.) The ALJ, however, rejected Dr. Johnson's evaluation because there was no objective evidence showing a worsening of Plaintiff's condition and because it appears to be based on Claimant's subjective reports. (AR 23, 24.) Plaintiff does not respond to the ALJ's finding that there is no objective evidence of a worsening condition.

A second reason for discounting Plaintiff's subjective symptom allegations is that she received only a conservative course of treatment, which did not include referrals for surgical consultation or other aggressive measures. (AR 24.) Conservative treatment is a valid basis for discounting a claimant's credibility. Tommasetti v. Astrue, 533 F.3d at 1039-40. Here, Dr. Johnson's December 26, 2013 assessment recommended only physical therapy. (AR 531.) His April 3, 2014 report indicates no further tests or consultations, just continuing physical therapy, counseling, acupuncture, and ice/heat therapy. (AR 532.) Plaintiff challenges the ALJ's finding, contending that neurosurgery, injections, and narcotics are not conservative, but all but one of the citations to those treatments are dated before medical improvement occurred. (See AR 404, 438, 443-45, 517 and 565.) The other record indicated interest in a corticosteroid injection but also reported orthopedic manipulations that were tolerated well, showing improvement in symptoms and range of motion. (AR 566.) Physical therapy was recommended for the hip and spine. (AR 566.)

Plaintiff disagrees with the ALJ's interpretation of the evidence of record, but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities of the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ discounted Plaintiff's subjective pain testimony for clear and convincing reasons based on substantial evidence. The ALJ's RFC is supported by substantial evidence.

\* \* \*

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: October 31, 2017

*/s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE

9